## JOSEPH M. READ v. THOMAS BARKER AND CHARLES BARKER.

1. Read, the defendant, leased to Barker and Barker, the plaintiffs, a mill and water power, and covenanted with them for the use of the water in as full and ample a manner as he had enjoyed it. The plaintiffs alleging that the defendant had placed a trunk in the pond in such manner as to carry off the water of a certain spring, which was one of the principal tributaries to the bond, brought suit to recover damages. *Held,* that the opinion of millers and millwrights, whether they be called experts or practical men, as to the quantity of grain the mill was capable of grinding and the value of the water for milling purposes, together with the statement of the method used for measuring or weighing, was competent evidence.

2. When a witness, who has been in attendance during the progress of a trial, fails to appear when called, the court will not reverse the judgment for that cause, no motion having been made to postpone the case or procure the testimony of the witness *de bene esse;* and especially when it appears that the evidence of the witness, had he been present, would have been only cumulative.

On *certiorari* to the Warren Pleas in case of appeal from a justice's court.

For plaintiff in *certiorari, J. G. Shipman.*

For defendants, *D. A. Depue.*

HAINES, J. This was an action of covenant, tried before the court and a jury of the county of Warren, upon an appeal. The defendants in *certiorari,* who were plaintiffs below, complained that the defendant below had leased to them a mill and water power, and covenanted with them for the use of the water in as full and ample a manner as he had held and enjoyed it, and that he did not keep his covenant, but violated it by diverting a part of the water to their injury. The particular diversion complained of arose from the defendants having placed a trunk in the pond in such a manner as to carry off the water of a certain spring, which was one of its principal tributaries. A verdict and judgment having

been rendered for the plaintiffs below, the defendant seeks to have the judgment reversed. One of the reasons for reversal assigned is, that the declaration is defective and insufficient. The declaration, although not very artistically drawn, sets forth with reasonable certainty the cause of complaint, and is substantially correct, and sufficient in a court for the trial of small causes. The defects, if any, are only of form, such as were formerly the subject of special demurrer in a common law court, and such as, under the present practice, would be amended on motion at any time during the progress of the cause. Another reason assigned is the admission of illegal evidence. The court received the evidence of witnesses in regard to the measurement of the water discharged from the trunk, on the morning of the trial before the justice. This was objected to on the ground that the plaintiffs were bound to make out a cause of action existing before the commencement of their suit. But it did not follow that they had failed to show a cause of action, because they gave evidence of the quantity of water subsequently discharged. They had shown the fact of the placing the trunk, and the diversion of the water of the spring. The evidence received was one of the means of showing the quantity of water lost, and the extent of the injury. The jury had for their consideration the time when the measurement was made, and the condition of the spring at that time, and at several times before the commencement of the action, and, by comparison, could judge of the loss. It was not conclusive evidence of the amount of the water diverted, but it was competent as tending to show it. Again, it is said that illegal evidence was admitted, in the opinions expressed by the witnesses of the quantity of grain which the mill was capable of grinding and of the value of the water for milling purposes. The witnesses on this subject were millers and millwrights, experienced in the construction of mills and in their use. The extent of their knowledge was shown to the jury, and their judgment and opinions as expressed, whether they be called experts or practical men acquainted with the

subject, were competent. The value of commodities is usually, in part at least, a matter of opinion, and those acquainted with an article and its value may express their judgment, their belief, or opinion, as to quantity or the subject of measurement or weight ; and it is proper for witnesses, in connection with the statement of the method used for measuring or weighing, to express their opinions of its accuracy and their estimate of the quantity. There was other evidence received against objection, but I cannot see that the court violated any rule of evidence, or committed any error by its admission. During the progress of the trial, a witness, who had been in attendance on the part of the defendant, failed to appear on the morning to which the court had been adjourned ; and this is alleged as a surprise upon the defendant and good ground for setting aside a verdict in a court of common law, and for a reversal of the judgment in this case. When the absence of the witness was discovered, no motion was made to postpone the cause or to procure the testimony of the witness *de bene esse*. The evidence which that witness would have given, had he been present, is shown by affidavit, and it is manifestly only cumulative. Other witnesses had testified to the same matter, and covered all of the ground as fully as the absent witness could have done. No prejudice arose from his absence, and this would have been no reason for setting aside a verdict, nor is it a sufficient ground for the reversal of the judgment.

The judgment of the Court of Common Pleas must be affirmed.

ELMER, J., concurred.

Judgment affirmed.